IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

BENJAMIN THORNTON  PLAINTIFF

VS.  CIVIL ACTION NO. 3:08cv775-HTW-LRA

RALPH BLAKE, ET AL  DEFENDANTS

**ORDER**

This cause came before the undersigned for a telephonic status conference on November 4, 2009. The Court heard argument on Plaintiff's Motion for Relief Pursuant to Rule 56(f), document 24, and his Supplemental Motion, document 26. Thereafter, various additional motions have been filed.

Defendants have filed a Motion to Dismiss, document 22, based on various theories, including lack of jurisdiction and an immunity defense. Defendants have also filed a Motion to Dismiss, document 13, requesting that certain Defendants be dismissed for insufficient service of process. Plaintiff contends that the Motion to Dismiss, #22, is premature and that he should not be required to respond to the motions until he has had the opportunity to propound immunity-related discovery. Pursuant to Local Rule 16, he requests that a stay be entered, except as to immunity discovery. At the hearing, Plaintiff requested to amend his Complaint, and his request was granted as unopposed. Thereafter, Defendants have opposed such amendment via letter objection and by response, document 34, and the Court has considered Plaintiff's written motions to amend filed later. Plaintiff has also filed an "Objection and Motion to Cease and Desist," document number 30, requesting that no further letters to the undersigned be considered.

The Motion to Dismiss was properly filed, and Plaintiff shall be required to file a response to the motion on the merits. Within such response, he may request the district judge to be allowed to conduct immunity-related discovery; however, he shall still file his response regarding the merits of Defendants' claims. He may, of course, point out what he contends he could prove if discovery were allowed. No discovery shall be allowed at this stage of the litigation unless authorized by Judge Wingate. A stay shall be entered at this time as to all discovery; the undersigned does not interpret Local Rule 16 as automatically allowing immunity-related discovery in all cases. The local rules may not vitiate Fifth Circuit case law regarding immunity defenses.

The parties now disagree as to whether or not Plaintiff should be allowed to amend his Complaint. Plaintiff has now filed a written request to amend his complaint and has attached the proposed complaint. Rule 15(a) of the Federal Rules of Civil Procedure controls in this case. Plaintiff's motion is certainly timely, as no scheduling deadlines have been set. The rule provides that leave to amend must be "freely given when justice so requires." Five factors to be considered by the Court are (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by previous amendment, (4) undue prejudice to the opposing party, and (5) futility of the amendment." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citations omitted). Defendants only contend that the proposed amended complaint is futile. The futility requirement in the context of a motion to amend is reviewed under the same standard of legal sufficiency as applied under Rule 12(b)(6). *J. R. Stripling v.*

*Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000).[1]  The Court finds that a ruling on these issues with the pleadings and supporting memoranda filed at this stage of the litigation is premature.  Further, such a finding would be tantamount to this Magistrate Judge making a dispositive ruling.  The legal issues set forth in these memoranda should be presented to the district judge via a dispositive motion, based upon the allegations contained in the Amended Complaint.  At this stage of the litigation, the Court finds that the amendment should be allowed.  Defendants' arguments regarding the futility of the amendment may be considered by Judge Wingate when dispositive issues are determined.

IT IS, THEREFORE, ORDERED:

1. Plaintiff's motions for relief [#25 & #26] are denied, except to the extent set forth above.

2. This case is stayed for all purposes until such time as a ruling is entered by Judge Wingate on the Motion to Dismiss, or Amended Motion to Dismiss.

3. No immunity-related discovery shall be conducted unless agreed to by the parties or unless ordered by Judge Wingate when considering Defendants' Motion to Dismiss.  The parties may agree to limited immunity discovery.

4. Plaintiff's "Objection and Motion to Cease and Desist" [#30] is granted to the extent that any further request for relief by any party shall be considered only after formal motions, and supporting authorities, are filed.  Plaintiff's

---

[1] That standard of review is set forth and explained in the case of *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007).

motion to amend [#33] is **granted** only to the extent that he may file his amended complaint.

5. In response to the amended complaint, Defendants may amend their dispositive motions on or before **January 13, 2010.** Plaintiff shall file his response on the merits of the motions on or before **January 27, 2010.**

6. This case is stayed for all purposes until a ruling is entered by Judge Wingate on Defendants' Motions to Dismiss, or Amended Motion to Dismiss, or until such time as Judge Wingate allows immunity related discovery, or the parties agree to same among themselves.

IT IS SO ORDERED, this the 16th day of December, 2009.


           /s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE